UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FOLEY & LEWIS RACING, INC.,

        Plaintiff,

v.

TORCO RACING FUELS, INC. et al.,

        Defendants.
_____/

Civil Case No.08-13416

HONORABLE SEAN F. COX
United States District Judge

OPINION & ORDER GRANTING DEFENDANTS' MOTION FOR DEFAULT JUDGMENT [Doc Nc. 39] AND GRANTING DEFENDANTS' MOTION TO DISMISS [Doc. No. 46]

On June 4, 2009, the Court issued an order [Doc. No. 50] requiring Plaintiff Foley & Lewis Racing, Inc. ("Foley") to show cause, in writing, why the Court should not grant Defendant General Sales & Service, Inc.'s ("General Sales") Motion for Default Judgment [Doc. No. 39], and why the Court should not grant General Sales' Motion to Dismiss [Doc. No. 46]. Foley filed a response to the Court's show cause order on June 23, 2009 [Doc. No. 51]. The Court declines to hold oral argument on the issues pursuant to Local Rule 7.1(e)(2). For the reasons that follow, the Court **GRANTS** General Sales' Motion for Default Judgment [Doc. No. 33], and **GRANTS** General Sales' Motion to Dismiss [Doc. No. 46].

BACKGROUND

Foley filed this breach of contract action on August 7, 2008. General Sales filed a counterclaim [Doc. No. 33] against Foley on January 26, 2009, and served a copy of that counterclaim on Foley's counsel that same day at a scheduling conference before the Court. Foley did not file an answer to that counterclaim, and because of that, on March 12, 2009, General Sales filed a Request for Clerk's Entry of Default [Doc. No. 35], which was granted on

1

March 20, 2009. [Doc. No. 38]. General Sales's "Motion for Default Judgment" [Doc. No. 39] is currently pending before this Court, wherein General Sales seeks treble damages and statutory interest totaling $919,060.50.

Without filing a response to General Sales's Motion for Default Judgment, Foley's original counsel filed a Motion to Withdraw as Counsel [Doc. No. 37] on March 19, 2009. The Court held a hearing on that Motion on April 28, 2009, at which time Defense Counsel and Foley's original counsel appeared in person, and Douglas Foley, owner of Foley & Lewis Racing, Inc., appeared by telephone. At the April 28, 2009 hearing, the Court granted the motion to withdraw, and ordered as follows, in pertinent part:

> 2. Douglas Foley or an attorney on behalf of Plaintiff must appear in Court on May 27, 2009 at 2:30 p.m. for a status conference.
>
> 3. If Douglas Foley or an attorney on behalf of Plaintiff does not appear at the status conference scheduled for May 27, 2009 at 2:30 p.m., the Court will consider a motion for dismissal of Plaintiff's case as well as sanctions including costs and attorney fees.

[Order Granting Motion to Withdraw as Counsel, Doc. No. 43, pp. 1-2]. On the record, Douglas Foley specifically stated that he understood these requirements by the Court.

On May 27, 2009 at 2:30 p.m., the Court held a status conference in the instant action. Douglas Foley did not appear for that status conference, nor had any attorney filed an appearance. An attorney, Derek T. Johnson, appeared and claimed that his firm was appearing on behalf of Foley, but as of May 27, 2009, the Court had not received an appearance by an attorney on Foley's behalf. Mr. Johnson is also not a member of the bar for the United States District Court for the Eastern District of Michigan. Mr. Johnson claimed that the Southeastern Michigan Law Practice, PLLC had been retained by Foley, and that Mr. David Costa would be

2

handling the matter on that firm's behalf. Also at that hearing, General Sales made an oral motion for dismissal of Foley's complaint, as well as for sanctions including costs and attorney fees.

In light of these developments, the Court took General Sales's Motion for Default Judgment [Doc. No. 39] under advisement, and instructed General Sales to put in writing their oral motion to dismiss. As instructed, General Sales filed their Motion to Dismiss [Doc. No. 46] on June 2, 2009, wherein they seek an order from the Court dismissing Foley's Complaint for want of prosecution, and request costs and attorney fees on their behalf. [Doc. No. 46, pp. 2-3].[1]

On June 2, 2009, attorney David E. Costa filed an appearance on behalf of Foley [Doc. No. 45]. However, as that appearance contained a clerical error naming another attorney as counsel for Foley, Mr. Costa filed a second appearance in his own name on June 4, 2009 [Doc. No. 49].

On June 4, 2009 the Court ordered [Doc. No. 50] Foley to show cause, in writing, why the Court should not grant General Sales's motion for default judgment [Doc. No. 33] on their counterclaim, and why the Court should not dismiss Foley's complaint.

Foley filed his "Response to Order to Show Cause" [Doc. No. 51] on June 23, 2009. Foley argues that good cause exists for its failure to answer General Sales's counterclaim due to General Sales's alleged failure to properly serve Foley with process. [*See* Doc. No. 51, p.7]. Foley also argues that it has a meritorious defense to the counterclaim due to the fact that General Sales was the first to breach their agreement. *Id.* at 8. Finally, Foley argues that his

---

[1] Pursuant to L.R. 7.1(d)(1)(B), Foley had 21 days to respond to General Sales's Motion to Dismiss [Doc. No. 46], which expired on June 23, 2009. Pursuant to FED. R. CIV. P. 12(a)(1)(B), Foley had 20 days from the date of service, January 26, 2009, to respond to General Sales' Counterclaim, which expired on February 15, 2009.

case should not be dismissed because of his counsel's failure to attend the May 27, 2009 status conference.  *Id*. at 9.

## ANALYSIS

    I. General Sales's Counterclaim

Foley failed to answer General Sales's counterclaim in a timely manner, and as a result on March 20, 2009 the clerk of the Court entered a default against Foley. [*See* Doc. No. 38]. Foley opposes General Sales's motion for entry of default judgment, and requests that the Court set aside the clerk's entry of default.  Pursuant to FED. R. CIV. P. 55(c), "the court may set aside an entry of default for good cause. . . ."

Foley argues that good cause exists in this case due to General Sales's alleged failure to effectively serve Foley with their counterclaim.  This, Foley argues, was due to the fact that "Plaintiff's counsel, not Plaintiff, was served with the counter-complaint." [Pl.'s Response to Show Cause, Doc. No. 51, p.7].  Alternatively, Foley argues, "Plaintiff's previous counsel failed to answer the complaint after accepting service on Plaintiff's behalf."  *Id*.

The Court finds neither of these arguments to warrant setting aside the clerk's entry of default.  With respect to Foley's ineffective service argument, each court rule and case cited by Foley pertain only to actions in Michigan state court, not federal court.  Federal Rule 5(b) requires that, in situations where a party is already represented by an attorney in a matter, "service under this rule *must* be made on the attorney unless the court orders service on the party."  FED. R. CIV. P. 5(b)(1) (emphasis added).  Therefore, General Sales has adequately served Foley under Rule 5(b)(1).  This is in keeping with the well-established norms of federal practice.  *See generally, Anin v. Reno*, 188 F.3d 1273 (11th Cir. 1999)(federal rules favor notice to counsel rather than actual notice to client).

Foley's second argument is that their former attorneys should have answered General Sales's counterclaim in a timely manner. Failure by a client's counsel to respond in a timely manner does not excuse a party from failing to respond in a timely manner. In the words of the United States Supreme Court, "[p]etitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633-34 (1962).

The Court finds that Foley has failed to demonstrate good cause for the Court to set aside the clerk's entry of default on General Sales's counterclaim. Because of this, the Court need not reach Foley's arguments regarding its allegedly meritorious defense.

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). Although liability is no longer an issue once default has been entered, however, the plaintiff must still prove the extent of its alleged damages. *See, e.g., Antione v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

Rule 54 of the Federal Rules of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). In each of the four counts of the counterclaim, General Sales requests damages in the amount of $300,000, plus attorney fees and costs. [*See* Def.'s Counterclaim, Doc. No. 33, ¶¶23, 31, 34, 38]. General Sales's statutory conversion cause of action [Count IV] also seeks treble damages pursuant to M.C.L. § 600.2919a. *Id*. at ¶38.

In its motion for entry of default judgment [Doc. No. 39], General Sales seeks treble damages in the amount of $900,000, plus attorney fees and costs. Thus, it does not appear that

General Sales is seeking damages that are different in kind than those asserted in the complaint.

Rule 55, which governs default judgments, provides in pertinent part:

> The court may conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

FED. R. CIV. P. 55(b)(2). Accordingly, this Court has discretion to determine the amount of damages suffered by General Sales in this matter. The Court considers each of General Sales's requested damages below.

### A. General Sales's Request for $300,000 in Damages

As damages under its claims for breach of contract [Count I], unjust enrichment [Count II], and common law conversion [Count III], General Sales seeks $300,000. It is undisputed that a contract existed in this action, whereby General Sales promised to pay Foley $75,000 for each drag race Foley qualified for, and that General Sales gave Foley a $600,000 advance on these races. It is also undisputed that Foley only qualified for four drag races during the 2008 season, entitling Foley to only $300,000 in payment. On these facts, General Sales has demonstrated its entitlement to $300,000 in damages, as pursuant to *Cross*, 441 F. Supp. 2d at 846, the Court takes all well-pled allegations in the counterclaim as true. The Court therefore finds that General Sales's damages under Counts I, II and III of its counterclaim amount to $300,000.

### B. General Sales's Request for Treble Damages, Costs and Reasonable Attorney Fees Pursuant to M.C.L. § 600.2919a

As damages under its claim for statutory conversion [Count IV], General Sales seeks

treble damages, costs and attorney fees pursuant to M.C.L. § 600.2919a. That statute states, in pertinent part:

> A person damaged as a result of either or both of the following *may recover three times the amount of actual damages sustained, plus costs and reasonable attorney fees*:
> (a) another person's stealing or embezzling property *or converting property to the person's own use*.

M.C.L. § 600.2919a(1)(a) (emphasis added). In this case, in Count IV of its counterclaim General Sales alleges that "[t]he actions of Foley [described in ¶¶1-34 of the counterclaim] constitute violations of M.C.L. 600.2919a." [Def.'s Counterclaim, Doc. No. 33, ¶36]. Pursuant to *Cross*, 441 F. Supp. 2d at 846, the Court takes this well-pled allegation as true. As the language of subsection (1)(a) to M.C.L. § 600.2919a is clear, the Court therefore finds that General Sales's damages under Count IV raise the damages in Counts I, II and III to an amount of $900,000.

Pursuant to M.C.L. § 600.2919a(1), General Sales is also entitled to its "costs and reasonable attorney fees." In support of its request for entry of default judgment, General Sales attaches a current billing statement from its counsel, Mr. Sean Fitzgerald. [*See* Def.'s Br., Doc. No. 39, pp.5-8]. This statement itemizes approximately 71 hours of attorney time totaling $19,000.50 in attorney fees, and $60.00 in costs associated with this litigation. The Court finds both the number of hours and the billable hour rate claimed by General Sales to be reasonable given the facts and circumstances of this case. Therefore, the Court finds that General Sales's damages for costs and attorney fees total $19,060.50.

For these reasons, the Court **GRANTS** General Sales's motion for entry of default judgment [Doc. No. 39], and **ENTERS A DEFAULT JUDGMENT** against Foley in the

Amount of $919,060.50.  Counsel for General Sales is **ORDERED** to prepare an appropriate order entering default judgment in this matter.

    II.  Foley's Complaint

Despite being warned regarding the potential consequences for failure to appear in person or through an attorney at the May 27, 2009 status conference, Foley failed to appear in person or through an attorney on May 27, 2009.

Under Local Rules of the Eastern District of Michigan, only attorneys admitted to the Bar of the Eastern District of Michigan may "practice in this Court."  *See* E.D. Mich. L.R. 83.20(b). The Local Rules define "practice in this Court" as follows:

> . . ."practice in this Court" means, in connection with an action or proceeding pending in this court, to appear in, commence, conduct, prosecute, or defend the action of proceeding; appear in open court; sign a paper; *participate in a pretrial conference*; represent a client at a deposition; or practice in this court before an officer of this court.

E.D. Mich. L.R. 83.20(a) (emphasis added).  As such, to "appear" by attorney at the May 27, 2009 status conference, Foley's attorney must have been admitted to the bar of the Eastern District of Michigan.

While a member of the State Bar of Michigan, Mr. Derek T. Johnson, appeared at the May 27, 2009 status conference and claimed that his law firm represented Foley in this matter, Mr. Johnson was not a member of the bar for the Eastern District of Michigan.  Further, Mr. Johnson took no steps on May 27, 2009 to become a member of the bar of the Eastern District of Michigan, despite the Court's warning on the record that Mr. Johnson could not validly appear on Foley's behalf unless he was a member of the bar.  Finally, despite the fact that Mr. Johnson informed the Court that another attorney, Mr. David Costa, would be representing Foley in this

matter, no appearance had been entered by Mr. Costa on May 27, 2009. In fact, Mr. Costa's appearance was not entered in this matter until June 2, 2009.[2]

Federal Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action. . . ." FED. R. CIV. P. 41(b). The United States Supreme Court has held that, under Rule 41(b), district courts do not abuse their discretion where, as here, an action is dismissed "for failure to prosecute, as evidenced by the failure of petitioner's counsel to appear at a duly scheduled pretrial conference." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633.

In this case, Plaintiff Foley was specifically ordered, on April 28, 2009, that he or an attorney on his behalf was required to appear in person at the May 27, 2009 status conference. Despite Foley admitting on the record that he understood this requirement, Foley himself did not appear at the May 27, 2009 conference, nor did an attorney file an appearance and appear on his behalf. Indeed, Mr. Costa did not enter an appearance in this matter until five days after the Court's May 27, 2009 status conference.

Furthermore, since the time of Mr. Costa's appearance in this matter Foley has not diligently prosecuted this case. At no time since Mr. Costa's appearance in this matter has Foley

---

[2] Mr. Costa has provided documentation that he was in Atlanta, Georgia on May 27, 2009, and that was why he was unable to attend the status conference on Foley's behalf. Foley's brief in response to the Court's Show Cause Order [Doc. No. 51], however, misconstrues the Court's telephone conversation of May 27, 2009 with Mr. Costa. Foley argues that "Mr. Johnson was sent to this conference only after being given authorization for his attendance by someone in apparent authority from this Court's staff." *Id*. at 9. Aside from the fact that no attorney entered an appearance, and that Mr. Costa only made his request orally, rather than in writing, the Court did not inform Mr. Costa that it would waive the requirement that Foley validly appear with appropriate counsel. Rather, Mr. Costa was only informed that sending any attorney, regardless of whether that attorney was a member of the bar of the Eastern District of Michigan, was preferable to plaintiff not appearing, or an attorney not appearing on plaintiff's behalf.

moved to set aside the clerk's entry of default on the General Sales counterclaim, and has not filed an answer to General Sales' counterclaim, a response to General Sales' motion to dismiss or a response to the General Sales' motion for default judgment.  Foley's response to the Court's Show Cause order [Doc. No. 51] cites Michigan procedural law and court rules, which are not applicable in this action, and advances no good cause for this Court to not grant dismissal of Foley's cause of action.

As such, the Court exercises its discretion under FED. R. CIV. P. 41(b) and **GRANTS** General Sales's Motion to Dismiss Plaintiff's Complaint [Doc. No. 46].

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant General Sales's Motion for Entry of Default Judgment [Doc. No. 39] on its counterclaim.  The Court further **GRANTS** Defendant General Sales's Motion to Dismiss Plaintiff's Complaint [Doc. No. 46], and **DISMISSES PLAINTIFF'S COMPLAINT FOR LACK OF PROSECUTION**.  Counsel for Defendant General Sales is **ORDERED** to submit a proposed default judgment on Defendant's

counterclaim, and a proposed judgment on Plaintiff's complaint.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 20, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 20, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager
